**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and STATE OF TEXAS, *ex rel.*** | § | |
| | § | |
| | § | |
| **KATHERINE J. SIMMS, Relator,** | § | |
| | § | |
| | § | |
| **V.** | § | **A-10-CV-914-AWA** |
| | § | |
| **AUSTIN RADIOLOGICAL ASSOC. Defendant.** | § | |
| | § | |

**ORDER**

Before the Court is the Motion for Certification of Question Pursuant to 28 U.S.C. §1292(b) (Dkt. No. 115). The motion is yet another attempt by ARA to obtain an interlocutory review of the scope of ARA's potential liability for the retention of overpayments in light of the amendments to FERA in 2009. For the reasons set forth below—some of which the Court articulated several months ago—the Court will DENY the motion.

As explained in the undersigned's April 3rd order, this question is not appropriate for interlocutory review. "[S]ection 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*." *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (per curiam) (emphasis added). Furthermore, the Fifth Circuit has been reluctant to consider appeals without a full development of the factual as well as legal record. *See, e.g.*, *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399–400 (5th Cir. 2010) (noting that it was debatable whether the interlocutory appeal should have been permitted notwithstanding the extensive briefing that had occurred); *Spurlin v. General Motors Corp.*, 426 F.2d 294, 294–95 (5th Cir. 1970) (finding that an interlocutory appeal was improvidently entered where significant factual issues remained even after

ruling on summary judgment motion). Indeed, a vast majority of cases in which an interlocutory appeal was considered by the Fifth Circuit have been after a district court's decision on a motion for summary judgment. *See,e.g.*, *La. Generating LLC v. Ill. Union Ins. Co., et al.*, Nos. 12–30651, 12–30877, 12–30879, 2013 WL 2096382 at *2 (5th Cir. May 15, 2013); *Castellanos-Contreras*, 622 F.3d at 398; *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 357 (5th Cir. 2009); *Linton*, 563 F.3d at 557; *Hopkins v. Cornerstone America*, 545 F.3d 338, 342 (5th Cir. 2008); *Ussery v. Louisiana ex rel. La. Dep't of Health & Hosps.*, 150 F.3d 431, 434 (5th Cir. 1998); *Adkinson v. Int'l Harvester Co.*, 975 F.2d 208, 209 (5th Cir. 1992). Even the cases cited by ARA involve certification decisions *following* a decision on motions for summary judgment. *Rogers v. City of San Antonio, Tex.*, No. 99–1110, 2003 WL 1571550 at *1 (W.D. Tex. Mar. 24, 2003); *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 569 (S.D.N.Y. 2001).

Here, the record relevant to the issues ARA seeks to have reviewed is undeveloped. Indeed, to date, the question has arisen as one small part of a Rule 12 motion to dismiss, and with regard to the scope of discovery. There has yet to be any comprehensive briefing on the point, nor are the facts underlying the issue before the Court, as discovery is in its preliminary stages. Questions of first impression are best decided by a court of appeals with a full record, and after a thorough consideration of the issue in one or more trial courts. Indeed, the Court noted this in April, stating that "[a] decision regarding the scope of ARA's potential liability is properly made only after all of the evidence is before the Court, not before then, and there is little question that the Fifth Circuit would likely reach the same conclusion." Dkt. No. 97 at 4. Accordingly, the Court will deny ARA's request that it certify this question for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

IT IS THEREFORE ORDERED that Motion for Certification of Question Pursuant to 28 U.S.C. §1292(b) (Dkt. No. 115) is DENIED.

SIGNED this 19th day of July, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE