IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and § <br> STATE OF TEXAS, *ex rel.* § <br> § <br> KATHERINE J. SIMMS, § <br>     Relator, § <br> § <br> V. § <br> § <br> AUSTIN RADIOLOGICAL ASSOC., and § <br> ARA AUSTIN IMAGING, INC., § <br>     Defendants. § | | A-10-CV-914-AWA |

## ORDER

Before the Court is Defendant ARA Austin Imaging, Inc.'s Motion to Dismiss (Dkt. No. 133); Relator Katherine J. Simms's Response and her Motion to Substitute Parties (Dkt. No. 137); Defendant ARA Austin Imaging, Inc.'s Reply and Response to Relator's Motion to Substitute Parties (Dkt. No. 138), and the Parties' Joint Motion to Suspend Scheduling Order (Dkt. No. 145).

### I. BACKGROUND AND ANALYSIS

The motions before the Court are more in what seem to be a never-ending series of contentious disputes between the parties. This case long ago began testing this Court's patience, and that does appear to be likely to change any time soon. Unfortunately, the parties have found it impossible to cooperate with one another, and the case has required the Court's intervention on numerous occasions. *See* Dkt. Nos. 93, 113, and 128.

The main issues in dispute at this time concern whether the claims against ARA Austin Imaging, Inc. ("ARAI"), which was added as a defendant to the case by the Court's order of December 23, 2013, should be dismissed because it is not a proper party to the case, and also whether Relator Katherine J. Simms should be permitted to substitute ARA/St. David's Imaging,

Inc. ("SDI") in the place of ARAI. ARAI contends that it is not a proper party to the case, because it is a shell company that is merely the general partner of the true entity that Simms sought to add to the case. Despite the fact that the parties and the Court have been discussing ARAI, and its potential joinder to the case as a defendant, since the summer of 2013, it was not until ARAI filed its Motion to Dismiss on January 17, 2014 (Dkt. No. 133), did ARAI reveal that it is only the general partner of the correct entity, and that the correct entity is in fact SDI.[1] In the motion, ARAI explains that SDI is a limited partnership owned by ARA (50%), ARAI, the general partner (1%), and SDH/HCA Ancillary Ventures Holding I, LP (49%). Dkt. No. 133 at ¶ 9. ARAI also explains that, like ARA, since January 1, 2010, SDI has contracted with Austin Radiological Association MSO, LLC ("MSO"), for all billing operations and the evaluation of credit balances, and before that time (from 2004 through January 1, 2010) it contracted with ARA for those services. *Id.* ¶ 10. In other words, with regard to the billing of government payors, SDI stands in very much the same place as ARA does, having had ARA do its billing from 2004 until January 1, 2010, and having contracted with the MSO after that time for those same billing services.

Because it asserts that it is not the entity that received and processed government payments, ARAI seeks to be dismissed, and criticizes Simms for joining the wrong party, noting that she has had significant time to conduct discovery to identify the correct entity. This, however, improperly

---

[1] Although ARAI did state obliquely in its response to Simm's motion seeking leave to join ARAI as a defendant, "it would not be a proper party to the case," it failed to explain why. *See* Dkt. No. 122 at ¶ 1. Rather, it simply stated that it "retain[ed] the right to dispute factual inaccuracies" in the motion and proposed amended complaint, and then went on to oppose its joinder because it claimed the Court lacked subject matter jurisdiction over ARAI due to the public disclosure bar, and because the amendment would be futile. *Id.* It never stated that it was not the correct entity, but was instead the correct entity's general partner, deciding instead to save that argument for the motion to dismiss, filed four months later.

minimizes the effect that ARA's approach to discovery has had on these issues. The Court should not need to restate that it was the improper redaction of discovery documents by SDI majority-owner ARA—documents which ARA contended it should not be required to produce at all—that obstructed progress in this case and revealed that an entity named "ARAI" had been systematically redacted from emails. Dkt. No. 113. Even if the Court were to accept the claim that ARA's actions during discovery only briefly hindered the progress of this case, the decisions made by ARAI and SDI in relation to Simms's Motion for Leave to File Second Amended Complaint (Dkt. No. 121) clearly exacerbated the situation. By the time Simms filed her motion to join a new defendant in September 2013, ARAI and SDI knew full well that Simms was asking to join an entity that ARA's own documents referred to as "ARAI" and "ARA Imaging," and that was involved in billing government payors, Dkt. No. 112 at 42, and knew no later than September 2013, that, in seeking to join ARAI and not SDI, Simms was moving to add the incorrect party. Yet ARAI chose to remain silent about this fact, despite being aware of a large potential for confusion given the discovery documents' references to "ARA Imaging"—references it had improperly redacted to begin with.[2]  Regardless of whether ARAI or SDI had a duty to disclose this information to Simms or the Court, it is obvious that ARAI's and SDI's actions did nothing to further the expeditious disposition of this already very old case.

    This is not to say that Simms is blameless for her current predicament. At this time, the Court has not received any information from Simms refuting SDI's characterizations of her

---

[2] SDI states that information about the entity was disclosed in an insurance policy produced on June 7, 2012. Dkt. No. 133, ¶ 9. However, the disclosure of the existence of SDI in an insurance policy does not convey the relevant information—that the entity referred to as "ARA Imaging" in the ARA documents was a reference to SDI.

discovery efforts (or lack thereof) regarding ARAI. See Dkt. No. 138, ¶¶ 21, 23, and 28. Although it is unclear how forthcoming ARA and its related entities would have been with regard to information, it is surprising that Simms did not conduct additional discovery with regard to "ARA Imaging" given the parties' contentious relationship. If it is true that Simms ignored the Court's suggestion of pursuing a 30(b)(6) deposition to clear up any remaining issues after Defendants offered to present such a witness, *see id.* ¶ 28; *see also* Dkt. No. 112 at 15, then Simms bears some responsibility for the resulting delay.

In the end, there is no dispute that ARAI is not a proper party to this case, or that SDI is the party Simms intended to add. Indeed, Simms now requests leave to substitute SDI in place of ARAI. SDI opposes this, repeating the very same public disclosure bar argument that its general partner, ARAI, raised in September—an argument the Court rejected. *See* Dkt. No. 138.[3] Because the Court has already rejected the argument it will not belabor the point here. For the same reasons stated in its prior order, the Court rejects the public disclosure bar argument as to SDI, and will grant Simms's Motion to Substitute. Dkt. No. 128.[4]

---

[3] The only new argument raised is the claim that additional information specific to SDI was disclosed in ARAI's motion to dismiss, which SDI contends is further evidence that the source of Simms' information to support her claim against SDI was public, and that Simms is not the original source of the information. As already addressed in the December 23, 2013 Order, the relevant disclosure regarding ARAI and SDI actually happened in May 2013. That was when the Court inquired into ARA's improper redactions, and when it learned that an entity affiliated with ARA processed government billings through the very same channels (and likely the very same employees) as ARA did. The organizational structure of the entity, and its proper legal name, are not elements of that claim, and ARAI's disclosure of the information (albeit tardily and reluctantly) does not bar the claim.

[4] In that Order, the Court relied on the influential opinion in *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645 (D.C. Cir. 1994), which emphasized that for the purposes of determining whether the public disclosure bar applied, it was the public disclosure of transactions or allegations and not merely of information, that was relevant. Dkt. No. 128. The essence of

Finally, SDI contends that its joinder would be futile because it is independent of ARA, and is not controlled by ARA. The Court rejects this argument. There are plainly many fact questions concerning SDI and its relationship to ARA. For its part, SDI states that it operates through separate bank accounts, is audited by an outside independent auditor, and has a separate federal tax identification number as well as Medicare and Medicaid billing numbers. Dkt. No. 138, ¶ 25. It contends further that ARA has no control over its actions. *Id.* The evidence that has been submitted to the Court shows that ARA and St. David's Hospital/HCA created a jointly-owned entity (SDI) that provides imaging services at St. David's Hospital. ARAI is the general partner and owner of 1% of SDI, and ARA is a limited partner with a 50% ownership interest. The remaining 49% is owned by St. David's/HCA. Dkt. No. 133, Exh. 1. ARA owns all of the stock of ARAI. *Id.* Thus, ARA has control over 51% of the ownership of SDI. Furthermore, Doyle Rabe's affidavit explicitly notes that he is the CEO of ARA as well as one of the four managers of SDI. *Id.* Lastly, as noted above, since 2004, SDI has contracted with the very same ARA affiliates that ARA contracts with to do all of its billing. Given these facts, SDI has failed to demonstrate that its joinder would be futile or that it would be entitled to dismissal for failure to state a claim. Accordingly, the Court **DENIES** ARAI's Motion to Dismiss (Dkt. No. 133) and **GRANTS** Simms's Motion to Substitute Parties (Dkt. No. 137). SDI shall be added as a party to this suit, replacing ARAI.

On February 18, 2014, the parties filed a joint motion asking the Court to stay the scheduling order deadlines, due to the pendency of the motions just resolved, as well as the motion raising the

---

Simms's allegations—that an entity publicly-known as ARA was improperly withholding government overpayments—has remained the same throughout this litigation and was not publicly disclosed. The fact that this "entity" consists of numerous business organizations does not change the essence of Simms's allegations.

FERA issues. Dkt. No. 145 at 1. They ask that the Court set new deadlines for discovery and the filing of dispositive motions, and further request a continuance of the June 16, 2014 trial date.

This case was filed on November 29, 2010, and unsealed on July 25, 2011. The parties have requested, and received, three extensions of their deadlines. *See* Dkt. Nos. 42, 82, and 117. In a previous order, the Court directed the parties to submit "a set of proposed amended deadlines, jointly agreed to by both parties, with a trial date no later than June 2014." Dkt. No. 113 at 16. At no time has the Court indicated that it would be willing to further delay the resolution of this case. If previous communications from the Court have been unclear, the Court wishes to resolve any ambiguities with regard to scheduling and deadlines. This case has been pending long enough; no deadlines will be extended. As such, the Parties' Joint Motion to Suspend Scheduling Order (Dkt. No. 145) is **DENIED**.[5]

### IV.  CONCLUSION

In accordance with the preceding discussion, it is **ORDERED** that Defendant ARA Austin Imaging, Inc.'s Motion to Dismiss (Dkt. No. 133) is **DENIED** and Relator Katherine J. Simms's Motion to Substitute Parties (Dkt. No. 137) is **GRANTED.** The Clerk shall substitute ARA/St. David's Imaging, L.P., in place of for ARA Austin Imaging, Inc., as a defendant in this case. SDI is **ORDERED** to file its Answer on or before **Friday, February 28, 2014**. No other responsive pleadings will be entertained.

---

[5]The parties' reliance on the pendency of the FERA motion—which only became ripe a week ago, when the reply was filed—is baseless. The Court set the current schedule in full collaboration with the parties, and it set an early deadline for the FERA motion at the parties' request. The parties have thus been aware since July 23, 2013, that a FERA motion would be filed on January 17, 2014, and would not be decided for some time thereafter, and have never raised a concern about that.

Finally, it is **FURTHER ORDERED** that the Parties' Joint Motion to Suspend Scheduling Order (Dkt. No. 145) is **DENIED**.

SIGNED this 20th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE