IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF TEXAS, *ex rel.* | § § § | |
| KATHERINE J. SIMMS, RELATOR, | § § § § | |
| V. | § § | A-10-CV-914-LY |
| AUSTIN RADIOLOGICAL ASSOC., and ARA/ST. DAVID'S IMAGING, L.P., DEFENDANTS. | § § § § | |

## ORDER

Before the Court are Relator Katherine J. Simms's Supplemental Motion to Compel (Dkt. No. 165); Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Response in Opposition (Dkt. No. 168); Relator Katherine J. Simms's Second Supplement to Her Motion to Compel (Dkt. No. 181); and Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Response in Opposition (Dkt. No. 183). The District Court referred the above motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. BACKGROUND

This is a *qui tam* action arising under the False Claims Act ("FCA") and Texas Medicaid Fraud Prevention Act ("TMFPA") brought by Katherine J. Simms ("Simms") against her former employer, Austin Radiological Association ("ARA") and its affiliate, ARA/St. David's Imaging, L.P. ("SDI").[1] *See* 31 U.S.C. §§ 3729 *et seq.*; TEX. HUM. RES. CODE §§ 36.001 *et seq.* Simms's Fourth

---

[1] The State of Texas declined to intervene on March 7, 2011 (Doc. No. 7). The United States declined intervention on July 15, 2011 (Doc. No. 8). When ARA and SDI are referenced together in this Order, the Court will refer to ARA and SDI collectively as "Defendants."

Amended Complaint alleges that in the course of her employment as Clinic Manager for ARA's Quarry Lake Clinic from November, 2007, until November, 2010, she discovered various fraudulent schemes by Defendants that violate the FCA and the TMFPA. The claims remaining in the Fourth Amended Complaint allege that Defendants wrongfully obtained and/or retained monies that should not have been billed to or that should have been refunded to government payors. Simms contends that this scheme was accomplished by (1) wrongfully double-billing government payors; (2) wrongfully billing government payors while simultaneously billing other payors; or (3) wrongfully obtaining and then retaining amounts in excess of amounts due from government payors.

## II. ANALYSIS

This matter arose out of a prior motion to compel (Dkt. No. 155), which this Court heard on March 17, 2014. At the hearing, the parties disputed whether ARA had provided a sufficient response to Simms's Request for Production ("RFP") No. 58, which asked ARA to produce:

> ARA's communications concerning the subject matter of ARA's policy number 2718 on "Credit and Small Balances" (exhibit 10 attached to Relator's Complaint) including but not limited to information concerning the motivations to discuss, draft, finalize or adopt such a policy, drafts and any revisions or comments that led to the final version adopted as policy number 2718, discussion or dialog concerning any of the content, definitions, directives, or procedures contained in the policy, any efforts to implement, monitor, follow-up, or otherwise ensure that the policy was being follow, and the identity of any individuals involved in any of the foregoing activities.

ARA's initial response indicated that some of the documents were protected by the attorney-client privilege and two documents provided to the Court during the hearing showed that ARA had claimed the privilege and redacted portions of documents apparently responsive to RFP No. 58. Simms argued that in the course of conducting depositions, none of ARA's representatives stated that they relied on an attorney's advice in drafting or adopting policy number 2718, and ARA has not raised

an "advice of counsel " defense. Consequently, Simms asks that these documents either be produced or submitted to the Court for an *in camera* review if ARA still seeks the protection of the attorney-client privilege. In response, ARA directed the Court to the policy and reiterated that it had been produced and was being used in depositions.

However, because the Court found that (1) a plain reading of RFP No. 58 clearly demonstrated that it requested additional information outside of policy number 2718 and (2) it was not clear which precise documents responsive to RFP No. 58 had been redacted, the Court ordered Simms to submit a list of documents she believed were responsive to RFP No. 58 and that ARA, to the extent it still believed those redactions were proper, submit those documents in unredacted form to the Court for *in camera* review. In her initial Supplement, Simms argues that the documents in question should be produced if (1) "it appears that Defendants are relying on advice of counsel in the actions at issue" or (2) "it appears that the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." Dkt. No. 165, ¶ 3. Put another way, Simms submits that the documents should be produced because (1) Defendants have waived the attorney-client privilege by asserting a defense that they relied on advice of counsel or (2) the documents are not protected to the extent they fall under the crime-fraud exception to the privilege.[2] In its Response, Defendants

---

[2] Simms filed a Second Supplement to her Motion to Compel (Dkt. No. 181) on April 18, 2014, following Defendants' filing of their Response to Simms's Motion for Partial Summary Judgment (Dkt. No 178). Simms urges the Court to compel Defendants' production of all the documents at issue as a result of testimony from Defendants' Compliance Officer, Ms. Dianna Johnson, and the defenses asserted by Defendants' in their Response. Dkt. No. 181 at 1. In this instance, the Court declines to consider issues contained in Simms's Second Supplement (Dkt. No. 181) and Defendants' Response (Dkt. No. 183) because she has not sought, nor has the Court granted her, leave to file her Second Supplement. *See* Local Rule CV-16(d). Simms's Second Supplement was filed approximately one month after both the end of discovery in this case and the hearing during

contend that they have neither waived the attorney-client privilege nor are the documents at issue subject to the crime-fraud exception. More specifically with respect to the issue of waiver, Defendants argue that they are not asserting an advice-of-counsel defense.

"[T]he attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice." *Hodges, Grant & Kaufmann v. United States Gov.*, 768 F.2d 719, 720 (5th Cir. 1985). The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "A corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). When a party asserts "its understanding of the law as a basis for the reasonableness of its actions" relating to a particular issue, a court may determine that the attorney-client privilege has been waived with respect to that issue. *See Apex Mun. Fund v. N-Group Sec.*, 841 F.Supp. 1423, 1431 (S.D. Tex. 1993).

Having reviewed both the redacted and unredacted versions of the documents at issue as well as the relevant law, the Court concludes that Defendants have not waived their privilege with respect to the documents produced *in camera* nor are the documents subject to the crime-fraud exception to the privilege. The documents in question remain protected by the attorney-client privilege and are not subject to discovery because they contain communications between Defendants and their

---

which the Court ordered Simms to supplement her Motion to Compel by March 18, 2014. In declining to consider Simms's Second Supplement (Dkt. No. 181) and Defendants' Response (Dkt. No. 183), the Court expresses no opinion on the merits of the arguments contained therein.

attorneys or notations about those communications. Furthermore, the Court's review clearly shows that the documents would not fall under the crime-fraud exception to the attorney-client privilege. This includes Simms's contentions with regard to the redacted portions of the following documents: ARA4399, ARA5230 and ARA5233, ARA5522, ARA9115, and ARA5631–ARA5632. In addition, the Court's determination also covers the following documents identified on ARA's privilege log: 91A–91L, 119A–119D, 120A–120E, and 124A–124B.

In this case, the Court's conclusion is further informed by the fact that it is not even clear whether all of the documents produced *in camera* are responsive to RFP No. 58. While RFP No. 58 does ask for more than just policy number 2718, it is still limited to the discussions and dialog *related* to the drafting and implementation of policy number 2718. Simms has not submitted any persuasive evidence to demonstrate that *all* of the information she seeks through the *in camera* documents is related to the drafting or implementation of policy number 2718. RFP No. 58 does not cover any conversation Defendants ever had with counsel regarding the effect of FERA or the PPACA. Accordingly, the Court will **DENY** Simms's Supplemental Motion to Compel (Dkt. No. 165) in its entirety.

However, the Court notes that Defendants appear to be *only* arguing that they are not asserting a defense of reliance of counsel based on the *in camera* documents. Dkt. No. 168, ¶ 3. In other words, Defendants seem to leave open the possibility of relying on other documents to contend at trial that they acted reasonably in accordance with their understanding of the law. On this issue, the Court will hold Defendants to their word. Defendants may not, at trial, rely on the *in camera* documents produced in relation to RFP No. 58 to assert that their conduct was reasonable based upon

5

advice of counsel. Should Defendants seek to assert such a defense, then these documents will become discoverable.

## CONCLUSION

In accordance with the preceding discussion, the Court hereby **DENIES** Relator Katherine J. Simms's Supplemental Motion to Compel (Dkt. No. 165).

SIGNED this 4th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE