IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and § | | |
| STATE OF TEXAS, *ex rel.* § | | |
| § | | |
| KATHERINE J. SIMMS, § | | |
| RELATOR, § | | |
| § | | |
| V. § | A-10-CV-914-LY | |
| § | | |
| AUSTIN RADIOLOGICAL ASSOC., and § | | |
| ARA/ST. DAVID'S IMAGING, L.P., § | | |
| DEFENDANTS. § | | |

## ORDER

Before the Court are the following motions, responses, and replies, all relating to the testimony of Relator Katherine J. Simms's proffered expert, Mary Hoane:[1]

• Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Motion to Exclude Opinions of Mary Hoane (Dkt. No. 169);

• Relator Katherine J. Simms's Response in Opposition (Dkt. No. 174);

• Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Reply (Dkt. No. 176);

• Relator Katherine J. Simms's Motion for Leave to File Sur-Reply to Defendants' Reply (Dkt. No. 177);

• Relator's Opposed Motion for Leave to File Amended Sur-Reply (Dkt. No. 186);

• Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Response in Opposition to Relator's Motion for Leave to File Amended Sur-Reply (Dkt. No. 187);

• Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Opposed Motion to Strike May 19, 2014, Report of Mary Hoane (Dkt. No. 188);

---

[1]The Court **GRANTS** Relator Katherine J. Simms's Motion for Leave to File Sur-Reply to Defendants' Reply (Dkt. No. 177) and Relator Katherine J. Simms's Opposed Motion for Leave to File Amended Sur-Reply (Dkt. No. 186)

- Relator Katherine J. Simms's Response in Opposition to Defendants' Motion to Strike May 19, 2014, Report (Dkt. No. 205); and

- Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Reply in Support of Opposed Motion to Strike May 19, 2014, Report of Mary Hoane (Dkt. No. 213).

The District Court referred the motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of this Court. Having considered the veritable plethora of materials filed on this issue, as well as the case file and the applicable law, the Court **DENIES** the request to exclude Ms. Hoane's testimony.

Defendants Austin Radiological Association ("ARA") and ARA/St. David's Imaging, L.P. ("SDI"),[2] contend that the opinions of Relator Katherine J. Simms's ("Simms") expert, Mary L. Hoane, should be excluded.[3] Simms served Hoane's initial report and curriculum vitae upon Defendants on December 20, 2013, and Hoane was deposed by Defendants on March 12, 2014. Shortly after Hoane's deposition, Defendants filed their initial Motion to Exclude Hoane's Opinions (Dkt. No. 169), arguing that (1) Hoane failed to offer any concrete opinions or conclusions as to any actual overpayments purportedly retained by Defendants; (2) Hoane's methodology failed to distinguish between the claims potentially subject to the Fraud Enforcement Recovery Act of 2009 ("FERA") and the Patient Protection and Affordable Care Act of 2010 ("PPACA"); (3) Hoane's report contained conclusions that were without basis in law; (4) Hoane failed to consider individual claim variances; and (5) Hoane improperly applied adult rates to pediatric patients, who are

---

[2] ARA and SDI will be collectively referred to as "Defendants."

[3] The general standards and principles applied by the Court in considering the admissibility of a proffered expert's testimony were set out in a previous order and need not be restated here. *See* Dkt. No. 210 at 1–3 (discussing Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and their progeny).

routinely billed at rates higher than adults. In response, Simms argued that (1) Hoane's reliance upon legal assumptions not yet ruled on by the Court did not make her opinions unreliable; and (2) criticizing Hoane's report and opinions when Defendants withheld data needed to complete her analysis was improper.

Hoane's initial report addressed two categories of proposed damages:

- overpayments, calculated by Hoane determining refunds she contended were due to the government but had not been repaid or not fully repaid, and

- late payments, which Hoane calculated by identifying refunds that had been made to the government but were refunded late according to criteria specified by Simms's counsel.

In her response to the initial motion to strike, Simms pointed out that the Court had recently ordered Defendants to provide Hoane access to the TouchChart billing system, and stated that Hoane's report would be amended and supplemented thereafter. *See* Dkt. No. 174 at ¶¶ 10 & 22 ("The Court has now ordered ARA to give Hoane access to TouchChart, and she will prepare a supplemental report identifying which of the overpayments she previously identified with limited data are confirmed as overpayments.").[4] Aside from disagreeing with Simms's characterization of its conduct during discovery, and whether Hoane was ever denied access to the TouchChart material, in reply Defendants argued that Hoane's report was unreliable because she (1) lacked knowledge regarding

---

[4] On March 4, 2014, Simms filed a Motion to Compel, seeking to gain access to more of the Defendant's billing records. Dkt. No. 155. Defendants' expert had criticized Hoane's report for failing to consider the specific, detailed records from Defendants' database, which contains charges, adjustments, and related balances for each account. Simms argued that she had not been given access to these billing records, and since Hoane was being criticized for not considering it, she was seeking an order compelling Defendants to give her access to the data. Defendants contended that Simms had never requested the documents. Ultimately, the Court ordered that Hoane be provided access to Defendants' TouchChart system so that she could search, identify, and print any records needed to complete her analysis. Dkt. No. 166.

how overpayments are determined under FERA or the PPACA and (2) made "arbitrary" assumptions about how FERA and the PPACA are applied.

Simms contends that all of these arguments became academic when Hoane visited Defendants' offices to access the TouchChart system on April 16, 2014, and again on May 2, 2014, and then submitted an amended expert report on May 19, 2014. Dkt. No. 186, Exhibit A. She notes that based on the additional information, Simms is no longer seeking, and thus Hoane is no longer opining on, damages for retained overpayments. Instead, Hoane's report is now limited to allegedly late repayments. In calculating these amounts, Hoane relies exclusively on Defendants' records of refunds that have been actually repaid to the government, and traces those amounts to calculate the time between when the Defendants received the original payment from the government, and when Defendants repaid some or all of that amount.

Upon receipt of Hoane's amended report, Defendants submitted two filings, a response to Simms's request to file a sur-reply on the original motion (in which Simms argued that the Defendants' initial motion to strike was mooted by Hoane's amended report), and a motion to strike the new report (Dkt. No. 188). In these filings, Defendants contend that (1) Hoane's amended report is a completely new report, filled with new theories and opinions that were not previously disclosed, based on data that was already in Simms's possession; (2) Hoane continues to use an arbitrary repayment date chosen by Simms's counsel that has no basis in law; (3) Hoane may not submit a late expert report to fix problems with her original analysis; and (4) Simms's submission of Hoane's May 19, 2014, report is neither substantially justified nor harmless. Dkt. Nos. 187, 188, 213.

In her response, Simms explains that after Hoane reviewed the TouchChart data she determined that conducting a full audit of the claims would cause significant delay and result in

tremendous expense. Dkt. No. 205. So, Simms decided to drop her request for damages based on un-refunded overpayments and decided to only seek damages based on late repayments. Simms argues that Hoane's amended report is essentially an extraction, review, listing, and summarization of data, which has not been attacked for accuracy. Simms further contends that Hoane's amended report should be permitted because (1) the report adds data related to SDI, which was not officially added as a party to this suit until February, 2014; (2) the amended report separates those claims arising prior to May 20, 2009, from those claims arising after that date; and (3) the amended report includes lists that are summaries of data provided by Defendants in discovery. Simms also asserts that the amended report streamlines the case and eliminates many of the concerns Defendants had with Hoane's overpayment determination analysis.

Because the scope of Defendants' contentions with regard to Hoane's December 20, 2013, report ("2013 Report") is impacted by a determination on whether Simms is permitted to proceed based on Hoane's May 19, 2014, report ("2014 Report"), the Court addresses the latter report first.

The majority of the Defendants' complaints with the 2014 Report have to do with its timeliness and not with its methodology or reliability. Defendants do not contend that the data Hoane used to create her 2014 Report is unreliable. (This is not surprising, given that she used Defendants' data.) The closest they come to such an argument is the complaint that the 2014 Report contains late repayment totals different than those contained in her 2013 Report. Yet given that Hoane's 2014 Report includes information related to new party SDI, which was not available at the time of the 2013 Report, this difference does not demonstrate any unreliability in her approach. Regardless, the difference in those figures is something that can be explored during cross-examination, and does not warrant excluding the report under Rule 702 or *Daubert*.

The only other non-timeliness argument Defendants raise regarding the 2014 Report is the repetition of their argument made toward the 2013 Report, that Hoane's opinions are based upon an incorrect interpretation of the law. Given that the parties' cross-motions for summary judgment are still pending, it would be inappropriate to exclude Hoane's testimony on the basis that she applied FERA and the PPACA in a manner that differs from Defendants' interpretation of the law. Any issues related to Hoane's testimony that rely upon an interpretation or application of FERA and PPACA can be addressed once the district judge rules on the parties' summary judgment motions. Thus, the Court declines to exclude Hoane's testimony on this basis.[5]

The remainder of Defendants' arguments regarding the 2014 Report have to do with the timeliness of its disclosure. First, the Court disagrees with the characterization of the 2014 Report as containing only "entirely new" opinions. Though brief, a portion of the 2013 Report analyzed the available data for overpayments which, according to Simms's interpretation of the law, were refunded late. Dkt. No. 188, Exhibit B. The 2014 Report expands on how claims related to potentially late refunds were identified, analyzed, and includes additional data. The fact that Hoane has now produced a claim-by-claim analysis of the charge items or that she has included summary figures in her 2014 Report does not equate to new opinions or methodology.

Next, Defendants fault Simms for failing to seek leave to serve an amended report outside the deadline set forth in the scheduling order. However, when the Court ordered Defendants to provide Hoane access to the TouchChart system, it anticipated the submission of an amended report.

---

[5] Further, in the 2014 Report, Hoane categorizes repayments for a varying number of time periods, identifying those made more than 60 days, 120 days, and 180 days after the initial payment was received, based on what appears to be the assumption that Judge Yeakel would ultimately decide which (if any) of those time periods accorded with the applicable law.

At least as early as April 1, 2014, Simms explicitly informed Defendants of her intention to have Hoane amend her report. *See* Dkt. No. 174. Defendants no doubt expected an amended report as well. Furthermore, Hoane's 2014 Report mainly removes a significant portion of Simms's previously-claimed damages. Because the Court implicitly gave Simms leave to submit an amended report when it entered its order in March, Simms's failure to seek leave is not a proper ground for striking the 2014 Report.

Even if the Court were to assume that Hoane's 2014 Report contains wholly new opinions, and was submitted late, striking Hoane's testimony is not warranted. While the parties come to different conclusions, both cite to the factors considered by the Fifth Circuit in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990), to determine when expert opinions and testimony should be excluded because they were not properly or timely disclosed. *Geiserman* identifies four factors to consider: (1) the explanation for the failure to properly disclose; (2) the importance of the testimony; (3) potential prejudice of allowing such testimony; and (4) the availability of a continuance to cure such prejudice. 893 F.2d at 791. The *Geiserman* factors do not support the exclusion of the 2014 Report.

First, Simms's explanation for the amended report weighs against exclusion. Hoane's 2013 Report did not include information related to SDI because it had not yet been added as a party to this suit at the time Hoane's initial report was due. In fact, Defendants had not yet disclosed the identity of SDI at the time initial expert reports were due. Moreover, it was the access to the TouchChart data—not ordered by the Court until March 2014—that led Simms to decide that the complexity and difficulty of proving damages for retained overpayments outweighed continuing to pursue those

damages. Thus, Simms' explanation for the timing of the amendments to Hoane's report weighs against excluding it.

It is also clear that the second factor weighs in favor of permitting Hoane to testify based on her 2014 Report. Hoane is Simms's damage expert, and plainly her testimony is important to Simms's case. Excluding Hoane's 2014 Report could prevent Simms from presenting any evidence concerning the amount of overpayments that were returned in an untimely manner.

The third *Geiserman* factor also weighs against exclusion. The Court appreciates that Hoane's 2014 Report was filed close to trial and that Defendants and their expert need to evaluate the 2014 Report. However, the submitted evidence shows that Hoane adopted an approach to analyzing the data in her 2014 Report similar to that in her earlier analysis. For example, Hoane continues to use a "sensitivity analysis" that separates "late" refunds into those that held for 60, 120, or 180 days past the last date of payment by any payor. *Compare* Dkt. No. 188, Exhibit B at 50 *with* Dkt. No. 188, Exhibit A at 4. This lessens any prejudice Defendants might suffer from the timing of the amendment. Furthermore, the 2014 Report removes a significant and complicated portion of Simms's claimed damages, namely that Defendants had retained refunds due to the government that they had never repaid or repaid only in part. As a result, Simms has voluntarily dropped a large portion her damage case, and Defendants now no longer have to defend against any of these claims at trial. Consequently, the Court is unpersuaded that the potential prejudice to Defendants from Hoane testifying consistent with her 2014 Report warrants the exclusion the report.

The fourth *Geiserman* factor is, at best, neutral in the analysis. First, Defendants have not requested a continuance. Indeed, there is no evidence before the Court that between either April 1, 2014 (when Simms stated in her pleading that Hoane intended to amend her report), or May 19,

2014 (when the amended report was disclosed), and the present day— a period of either 72 days, or a little more than three weeks—Defendants requested Hoane's deposition. This suggests that Defendants do not believe they need more information from Hoane to be prepared to respond to the 2014 Report at trial.[6] Regardless, until Defendants request a continuance and that continuance is denied, this factor remains neutral.

In summary, even if the Court were to assume that Hoane's 2014 Report was disclosed too late, under the relevant test the late disclosure does not warrant excluding the expert's testimony.[7] Because the Court has rejected Defendants' contentions pertaining to Hoane's 2014 Report, Defendants' request to strike Hoane's 2013 Report is moot.

**ACCORDINGLY,** Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Motion to Exclude Opinions of Mary Hoane (Dkt. No. 169) and Defendants Austin Radiological Association and ARA/St. David's Imaging, L.P.'s Opposed Motion to Strike May 19, 2014, Report of Mary Hoane (Dkt. No. 188) are **DENIED** for the reasons stated above.

SIGNED this 11th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[6] This is consistent with the fact that, the report is effectively a summary of the Defendants' voluminous data, permitted by FED. R. EVID. 1006, and merely identifies for each refund sent to a government payor the amount of time between the original government payment and the date the refund was sent.

[7] In its consideration of the *Geiserman* factors, the Court also evaluated Defendants' assertion that permitting Hoane's 2014 Report would not be substantially justified or harmless. For the same reasons set forth in the paragraphs discussing the *Geiserman* factors, the Court also rejects Defendants' contentions on this point.